# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RODRIGUEZ, an individual,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LOANCARE LLC,<br><br>　　　　　　　　　　　　　Defendant. | Case No.: 3:23-cv-02205-H-SBC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>[Doc. No. 5.] |

　　　　On November 1, 2023, Plaintiff Jorge Rodriguez ("Plaintiff") filed a complaint in the Superior Court of California, County of San Diego against Defendant Loancare LLC ("Defendant"), alleging claims for (1) promissory estoppel; (2) violation of California Civil Code § 2923.6; (3) violation of California Civil Code § 2923.7; (4) violation of California Civil Code § 2924c-d; and (5) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, et seq.  (Doc. No. 1-2.)  On December 1, 2023, Defendant removed the action to this Court based on diversity jurisdiction.  (Doc. No. 1.)

　　　　On December 29, 2023, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 5.)  On January 15, 2024, in lieu of filing an opposition to the motion to dismiss, Plaintiff filed a first amended complaint.  (Doc. No. 6.)  See Fed. R. Civ. P. 15(a)(1)(B); see Sanford v. Motts, 258 F.3d

1117, 1120 (9th Cir. 2001) ("Fed. R. Civ. P. 15(a) gives a plaintiff one opportunity to amend as of right.").

Considering Plaintiff's amended pleading, the Court denies as moot Defendant's motion to dismiss the complaint without prejudice to Defendant moving to dismiss the first amended complaint. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' . . . Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . ." (citations omitted)). Additionally, the Court vacates the hearing on the motion to dismiss scheduled for January 29, 2024.

**IT IS SO ORDERED.**

DATED: January 17, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT